WILLIAM J. McCORMICK ET AL. *v.* STRATFORD PLAN-
NING AND ZONING COMMISSION ET AL.

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 8—decided May 5, 1959

*George A. Saden,* with whom was *Arlen D. Nick-owitz,* for the appellants (plaintiffs).

*Irwin M. Hausman,* with whom was *Milton H. Hausman,* for the appellees (defendants Sholanich).

MURPHY, J. On April 3, 1957, the town planning and zoning commission of Stratford approved the location of premises owned by William and Susan Sholanich for a package store. The Court of Common Pleas sustained this action, and the plaintiffs, aggrieved neighboring property owners, have appealed.

The facts are not in dispute. The Sholanichs own a corner lot zoned for retail commercial use. The operation of a package store is a permitted use in such a zone, subject to the approval of the commission. Stratford Zoning Regs. §§ 2.1, 15.1, 15.8 (1957). On January 18, 1957, the Sholanichs applied for approval with respect to their premises. After a public hearing by the commission on February 13, 1957, the application was tabled for further consideration. The same day the commission itself proposed, and it subsequently adopted, an amendment of § 15.1 of the zoning regulations, effective March 2, 1957, which prohibited approval of any premises for a package store within 200 feet of a residential district. The subject premises are situated within 200 feet of such a district. Notwithstanding the amendment, the commission on April 3, 1957, unanimously approved the premises for a package store. The plaintiffs claim that the commission was without legal authority to vote approval after the effective date of the amendment.

The planning and zoning commission acted in a dual capacity. In amending the zoning regulations it functioned as a legislative body, whereas in passing upon the application for approval of the premises it acted administratively. *Florentine* v. *Darien,* 142 Conn. 415, 431, 115 A.2d 328. It did not specifically exempt the premises from the operation of the amendment, though such action was possible. Neither did it act upon the application prior to the effective date of the amendment, though it could also have done that. The court held that the regulations in effect at the date of the hearing were controlling and cited as authority cases in which we held that in legislative matters zoning commissions have broad discretionary powers and that their decisions will not be overruled unless they have not acted fairly, with proper motives and upon valid reasons. However, the legislative authority of the commission to adopt the amendment to the regulations has not been challenged. Whether it could grant the application for approval when it did depends upon the legislative intent as expressed in the amendment itself. *Bailey* v. *Mars,* 138 Conn. 593, 598, 87 A.2d 388; *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 682, 136 A.2d 785. Indication of any intent to exempt the premises is lacking in the language of the amendment and cannot be supplied by an attempt to ascertain the state of mind of the commission as reflected in its action of April 3, 1957. Ibid. Nor does this matter come within the class of pending actions or proceedings to which a change in the law does not apply unless the contrary clearly appears. See *Reese* v. *Reese,* 136 Conn. 191, 194, 70 A.2d 123; *Old Saybrook* v. *Public Utilities Commission,* 100 Conn. 322, 325, 124 A. 33. Without a saving clause, the commission divested itself of au-

thority to approve this application after March 2, 1957. *Neilson* v. *Perkins,* 86 Conn. 425, 428, 85 A. 686.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.