FREDERICK A. MACKENZIE *v.* TOWN PLANNING AND ZONING COMMISSION OF THE TOWN OF TRUMBULL

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 5—decided July 27, 1962

*Raymond W. Beckwith,* for the appellant (plaintiff).

*J. Gerard Flynn,* for the appellee (defendant).

KING, J. On February 23, 1960, the defendant denied the application of the plaintiff for approval of his location as an outlet for the sale of alcoholic liquor under a druggist permit. See General Statutes §§ 30-36, 30-44 (2); Trumbull Zoning Regs. § 7 (Feb. 17, 1960); *State ex rel. Spiros* v. *Payne,* 131 Conn. 647, 648, 41 A.2d 908. The Court of Common Pleas sustained the action of the defendant, and the plaintiff has appealed.

The facts are not in dispute. On May 6, 1959, the town of Trumbull held a referendum, in accordance with General Statutes § 30-10, in which it voted to permit the sale of all alcoholic liquors in the town effective June 1, 1959. Prior to that date, on May 28, the defendant, acting pursuant to notice and in accordance with §§ 8-2 and 8-3 of the General Statutes, held a public hearing at which various interested parties, including the plaintiff, appeared and were heard in connection with proposed zoning regulations with regard to the sale of alcoholic beverages in the town. The defendant subsequently enacted these regulations, effective June 1, 1959, as article 7 of the zoning regulations of the town.

Article 7, § 2, allowed the sale of alcoholic beverages under package store and restaurant permits in a business zone. No provision was made for the location of druggist permits in a business zone or elsewhere. The plaintiff is a lessee of premises, in a business zone, on which he operates a drugstore. The regulations contained in article 7 are of the permissive, rather than prohibitive, type; they forbid the sale of alcoholic liquor on any premises except as authorized. See cases such as *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 682, 136 A.2d 785.

On June 13, 1959, the plaintiff appealed to the

Court of Common Pleas, apparently under the General Statutes (§§ 8-9, 8-8, 8-10), from the action of the defendant in adopting article 7. The court, on January 8, 1960, sustained the plaintiff's appeal, in effect holding that the failure to include drugstores in business zones among the permissible outlets for the sale of alcoholic liquor for off-premises consumption amounted, at least as to this plaintiff, to an illegal regulation of the sale of liquor. The defendant did not appeal from that decision. The plaintiff requests us to take judicial notice of the file in that case, and we have decided to do so. See *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, 133 Conn. 536, 540, 52 A.2d 862; *Guerriero* v. *Galasso*, 144 Conn. 600, 605, 136 A.2d 497.

On January 14, 1960, the defendant gave public notice of a public hearing to be held on certain proposed amendments to article 7. Thereafter, on January 25, 1960, the plaintiff applied to the defendant for approval of his drugstore as an outlet for the sale of alcoholic liquor under a druggist permit. On January 28, 1960, the defendant, pursuant to the notice, held the hearing on the proposed amendments, and the plaintiff was present. One of the amendments (art. 7, § 2) in effect added drugstores to the permissible locations, in business zones, for the sale of alcoholic liquor for off-premises consumption. The obvious purpose of this amendment was to make article 7 conform to the decision of the Court of Common Pleas. The plaintiff had, of course, no complaint as to this amendment, since it gave him the full benefit of his successful appeal from the 1959 regulations. A second amendment (art. 7, § 4), which is basically the object of the plaintiff's attack in the present appeal,

changed the section entitled "Proximity of Outlets." Under this amendment, no location would be approved for the sale of alcoholic liquor to be consumed off the premises if the location was within 1000 feet of any other premises approved as an outlet for the sale of alcoholic liquor for consumption off the premises. The plaintiff's drugstore is within 1000 feet of a package store, which is operated under a permit authorizing the sale of alcoholic liquor only for consumption off the premises.

The proposed amendments were adopted by the defendant effective February 17, 1960. On February 23, 1960, a public hearing was held, as required by § 1 of article 7 as well as by § 8-3 of the General Statutes, to consider the plaintiff's application for approval of his drugstore as an outlet for the sale of alcoholic liquor under a druggist permit. The defendant denied the application, and the plaintiff again appealed to the Court of Common Pleas, which affirmed the action of the defendant.

The defendant gave three reasons for its denial of the plaintiff's application and stated that each of the reasons was in itself sufficient. "It follows that as far as the reasons themselves are concerned, if any one of them would support the action of the defendant, the plaintiff must fail in its appeal." *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 150, 168 A.2d 547; *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415. The first reason, which is the only one we find it necessary to consider, was that the zoning regulations "do not permit an off-premises consumption permit to be located within 1000 feet of other premises approved as a location for off-premises consumption."

The trial court, in upholding the action of the

defendant, based its decision on the ground that the law at the time of the defendant's denial of the plaintiff's application, rather than the law at the time of the filing of the application, governed, and so the defendant was without authority to grant the application, because the proximity amendment was in force at the time of the denial. The court relied primarily on *McCormick* v. *Planning & Zoning Commission,* 146 Conn. 380, 382, 151 A.2d 347. The plaintiff attempts to distinguish that case and, in the alternative, seems to claim that if it cannot be distinguished it was wrongly decided. On page 382 of the *McCormick* case, we held that applications for the approval of locations as outlets for the sale of liquor do not "come within the class of pending actions or proceedings to which a change in the law does not apply unless the contrary clearly appears." Thus, neither the fact that the filing by the plaintiff of his application antedated, by a few days, the actual enactment of the amendatory regulations, nor the fact that there is nothing in the amendments themselves expressive of any intent as to whether they should apply to pending applications, brings the amendments within the usual rule—applicable, in general, in the construction of state or municipal legislative enactments and most recently stated and applied in *Lavieri* v. *Ulysses,* 149 Conn. 396, 401, 180 A.2d 632—that legislation affecting substantive rights does not apply to pending actions unless the legislative body clearly expresses a contrary intent. The rule of the *McCormick* case, supra, as to applications, under zoning regulations, for approval of locations for the sale of alcoholic liquor appears to be in conformity with that in most other jurisdictions. Notes, 169 A.L.R. 584, 75 A.L.R.2d 168, 236; 8 McQuillin, Municipal Corporations (3d Ed.)

§ 25.338; see 2 Metzenbaum, Zoning (2d Ed.) p. 1202.

The fact that General Statutes § 8-2 forbids zoning regulations affecting antecedent nonconforming uses is of no benefit to the plaintiff, since quite properly he does not claim that he was using his drugstore for the retail sale of alcoholic liquor, except on prescription in accordance with § 30-37, on the effective date of the proximity amendment. On that date, he at most merely contemplated the use of the drugstore for the ordinary retail sale of liquor, and a contemplated use cannot constitute an actual use. *Wallingford* v. *Roberts*, 145 Conn. 682, 684, 146 A.2d 588; *Fairlawns Cemetery Assn., Inc.* v. *Zoning Commission*, 138 Conn. 434, 444, 86 A.2d 74; *DeFelice* v. *Zoning Board of Appeals*, 130 Conn. 156, 161, 32 A.2d 635.

It should not be overlooked, with regard to the general equities of the plaintiff's situation, that the public notice of the hearing on the proposed amendments was first given on January 14, 1960, which was over ten days before the plaintiff first filed his application for approval. In other words, he knew, before he filed the application, that the defendant had under consideration a change in the zoning regulations which, if adopted, would preclude the granting of his application because of the proximity of his drugstore to an existing package store. When the public hearing was held, the plaintiff appeared and opposed the adoption of the proximity amendment.

The plaintiff lays great stress on the decision of the Court of Common Pleas in the appeal from the enactment of the 1959 regulations. The appeal was sustained, but the precise effect of the judgment sustaining the appeal is obscure. For example, that

judgment could not affect the validity of permits for the sale of liquor for off-premises consumption which, between the time of the enactment of the 1959 regulations and the time of the judgment, were issued to persons not parties to the appeal. *Gillotti* v. *Food Fair Stores of Conn., Inc.,* 148 Conn. 412, 418, 171 A.2d 415. The maximum effect of the judgment was to eliminate, as to the plaintiff, so much of the section dealing with permissible locations for the sale of liquor as dealt with sales for off-premises consumption. The elimination of those regulations could not, without more, benefit the plaintiff. Since the regulations were of the permissive type, the sale of liquor by the plaintiff, under a druggist permit, would continue to be a forbidden use until such time as the commission might amend the regulations to permit such a use. See *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 682, 136 A.2d 785. In any event, the commission did amend the regulations to conform to the judgment of the Court of Common Pleas. At the same time, it amended the proximity regulation. The question before us is, not the validity and effect of the first amendment, nor the effect of the judgment which that amendment codified, but the validity and effect of the proximity amendment.

In view of the state of uncertainty in which the decision of the Court of Common Pleas left article 7, or at least that part of it dealing with the sale of liquor for off-premises consumption, the defendant took about the only reasonable course open to it, when it amended article 7 to conform to the apparent views of the court. Having amended the regulations to include drugstores, the defendant was entitled to place reasonable restrictions on the number and density of outlets, including drugstores, for

the sale of liquor for off-premises consumption. *Miller* v. *Zoning Commission*, 135 Conn. 405, 408, 65 A.2d 577; *State ex rel. Wise* v. *Turkington*, 135 Conn. 276, 279, 63 A.2d 596. There is nothing to indicate that the trial court in the present case was required to find that the defendant, in amending the proximity regulation, or in applying it to the plaintiff, acted with improper or punitive motives directed against the plaintiff, or otherwise acted illegally, unreasonably or arbitrarily. See cases such as *Kutcher* v. *Town Planning Commission*, 138 Conn. 705, 710, 88 A.2d 538; *Rafala* v. *Zoning Board of Appeals*, 135 Conn. 142, 147, 62 A.2d 337.

The plaintiff's claim that his expenditure of money in the court proceeding attacking the validity of the 1959 regulations brought him within the rule of cases such as *Graham Corporation* v. *Board of Zoning Appeals*, 140 Conn. 1, 4, 97 A.2d 564, is without merit. See 1 Yokley, Zoning Law and Practice (2d Ed.) §§ 100, 101. The plaintiff has failed to sustain his burden of proving that the defendant's actions were illegal, unreasonable or arbitrary. See *Senior* v. *Zoning Commision*, 146 Conn. 531, 533, 153 A.2d 415. Furthermore, the plaintiff has failed to show that action on his application was unreasonably refused or delayed until after the amendments became effective, so that equitable considerations would require us to hold that the law at the time of the filing of the application should control. See *Chicago Title & Trust Co.* v. *Palatine*, 22 Ill. App. 2d 264, 273, 160 N.E.2d 697; note, 169 A.L.R. 584.

It follows that there was no error in dismissing the appeal of the plaintiff from the defendant's refusal to approve a location in violation of the proximity amendment. See *Danbury* v. *Corbett*, 139

Conn. 379, 383, 94 A.2d 6. Since this conclusion is dispositive of the appeal adversely to the plaintiff, it is unnecessary to consider his other claims.

There is no error.

In this opinion BALDWIN, C. J., SHEA and ALCORN, Js., concurred; MURPHY, J., dissented.