## The Edward Balf Company *v.* Town of East Granby et al.

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued October 13, 1964—decided January 20, 1965

*David M. Shea,* with whom was *Raymond J. Devlin, Jr.,* for the appellant (plaintiff).

*Edward H. Kenyon,* for the appellees (defendants town of East Granby et al.), and *Morton C. Hansen, Jr.,* with whom was *Thomas S. Whitman,* for the appellees (defendants Adelaide M. Millea et al.).

COMLEY, J. The plaintiff sought a declaratory judgment determining whether it had the right to use certain land owned by it in East Granby for the operation of a quarry and stone crushing plant. It has appealed from a judgment for the defendants.

The finding, which is subject to no material correction, may be summarized as follows: Between 1917 and 1955, the plaintiff acquired 336 contiguous acres of land at various times and from various owners. Running north and south through this land is a ridge which contains substantial quantities of rock suitable for quarrying. At some points, this ridge rises to a height of 200 feet, and at certain locations, its westerly face is extremely precipitous. For about six months in 1928 or 1929, the northerly end of the ledge was used as a quarry. No other use has been made of the land, and most of it is heavily wooded. In 1941, East Granby adopted zoning regulations, but no zoning districts were established. All business uses required a special permit. Under the 1941 ordinance, the plaintiff, on January 13, 1956, applied for a permit to operate a quarry and a stone crushing plant on its land. The application was denied on March 30, 1956, and no appeal was taken by the plaintiff. After a disastrous flood in 1955, there was agitation for a general, comprehensive plan of development and a

new zoning ordinance. To that end a professional consultant was engaged, and there was much activity in the preparation of maps, plans and regulations as well as many meetings with various groups of citizens. The new ordinance was adopted at a town meeting on March 26, 1956. Most of the plaintiff's land was placed in an agricultural zone in which no industrial uses such as quarrying were permitted. Most of the central area of East Granby lies in this agricultural zone.

This action for a declaratory judgment was commenced on April 6, 1956. At about the same time, the plaintiff took an appeal from the action of the zoning and planning commission on March 26, 1956, in adopting the new ordinance, the plaintiff's claim being that the procedure then followed did not comply with the statutory requisites. The appeal and this action were tried together as companion cases. The appeal was sustained on the basis of the procedural defects claimed by the plaintiff, and no appeal was taken by the town from that judgment. Judgment in the present action was rendered for the defendants on the ground that the invalid ordinance had been cured by its readoption, with certain amendments and revisions, on May 31, 1956, September 23, 1957, and August 9, 1962. On June 12, 1957, the plaintiff applied to the zoning and planning commission for a change of zone and, at the same time, to the zoning board of appeals for a variance. Both applications were denied, and the plaintiff did not appeal.

It is the plaintiff's claim that since the ordinance in effect when this action was commenced was invalid, no subsequent readoption, however valid, could affect this pending action. It is true that the legislature is presumed to intend that statutes

affecting substantive rights do not affect pending actions unless a contrary intent appears. *Reese* v. *Reese,* 136 Conn. 191, 194, 70 A.2d 123. In general, that rule also applies to municipal ordinances. See *MacKenzie* v. *Town Planning & Zoning Commission,* 149 Conn. 678, 683, 183 A.2d 619. On the other hand, in the case of actions praying for a declaratory judgment or injunctive relief, since the remedy sought is prospective, the right to such relief is determined by the situation which has developed at the time of trial and not by that existing at the time the action was begun. *Holt* v. *Wissinger,* 145 Conn. 106, 115, 139 A.2d 353; *Newington* v. *Mazzoccoli,* 133 Conn. 146, 150, 48 A.2d 729.

That the court in an action for a declaratory judgment or a suit for injunctive relief will look at the facts existing at the time of trial is more just than unjust. The remedy of a judicial declaration of rights is to inform parties of their rights and duties so that there may be an orderly settlement of their disputes. The dispute should not be settled on the basis of a situation which no longer exists. Also, since zoning regulations are presumed to be for the welfare of the entire community, the mere institution of a legal proceeding to determine the plaintiff's rights should not be allowed to "freeze" his rights and possibly upset the development of a community according to its comprehensive plan.

In at least three prior cases, this court has held that even the filing of an application for a permit did not restrict the right of a zoning and planning commission to amend an ordinance by changing the grounds for approval of the permit. In *MacKenzie* v. *Town Planning & Zoning Commission,* 149 Conn. 678, 183 A.2d 619, an ordinance restricting the

approval of locations for the sale of liquor to those locations not within 1000 feet of other outlets was enacted after the plaintiff had made application for approval of a location within 1000 feet of another outlet. The court held that it is the law at the time of the denial and not that at the time of the filing of the application which applies when applications under zoning regulations are being considered. To the same effect is *McCormick* v. *Planning & Zoning Commission*, 146 Conn. 380, 151 A.2d 347. In *Graham Corporation* v. *Board of Zoning Appeals*, 140 Conn. 1, 97 A.2d 564, a building permit was actually issued before the regulations were amended. In holding that the permit was revoked, the court said that there is no vested right in a building permit unless the building is substantially in the course of construction.

Only in *New Britain* v. *Kilbourne*, 109 Conn. 422, 147 A. 124, where the party who had been granted a permit to build a gasoline station acted in reliance on it and started construction, did the court fail to give effect to the change in the ordinance. In the present case, the plaintiff did not act in reliance on the ordinance as originally adopted in 1956. Except for some improvements to a roadway, its land remained undeveloped woodland. Even the present action was taken on the theory that the plaintiff was exercising a nonconforming use. If any reliance should be found in this case, it should be found on the part of the eighty persons in the immediate area who built homes between 1956 and 1963 in reliance on the zoning regulations.

Thus, the trial court correctly concluded that the subsequent readoptions were facts to be considered in rendering the declaratory judgment. It only remains to be determined if any one of the readop-

tions conformed to the procedural requirements of the enabling acts.

The procedural rules governing the action taken on September 23, 1957, to readopt the ordinance are set forth in § 375d of the 1955 Cumulative Supplement (as amended, General Statutes § 8-3). That statute required that notice be published in a newspaper, at least twice at certain specified intervals, and that a copy of the new regulation be filed with the town clerk at least ten days before the hearing. Compliance with the notice provision of the statute is a prerequisite to valid enactment of an ordinance. *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94, 111 A.2d 552.

It is not disputed by the plaintiff that the requirements of the statute as to notice were observed. The plaintiff contends, however, that to satisfy "due process" requirements the rule of *Schroeder* v. *New York,* 371 U.S. 208, 83 S. Ct. 279, 9 L. Ed. 2d 255, under which the plaintiff would be entitled to actual notice, is applicable. That case involved the right to divert the path of a stream, the plaintiff and possibly a few other persons being adversely affected. In the present case, the adoption of a whole zoning ordinance, affecting legally protected interests of every property owner in the town of East Granby, was involved. Under the rule for which the plaintiff is contending, all property owners would have been entitled to actual notice. Such a rule of construction would nullify the provision in the statute for notice by publication.

The notice published for the hearing of September 23, 1957, states that the hearing is to consider "the re-adoption of the zoning and sub-division regulations." The plaintiff contends that this notice was inadequate. The purpose of the notice require-

ment is fairly and sufficiently to apprise those who may be affected by the proposed action so as to enable them to prepare intelligently for the hearing. *Smith* v. *F. W. Woolworth Co.*, supra. This notice accomplished that purpose. The trial court has also found that, before the readoption of the zoning regulations, a copy of those regulations was filed with the town clerk as required by statute.

The plaintiff also contends that the inclusion of its land in the agricultural zone was unreasonable. This issue is not before us under the pleadings as framed by the parties. This is not an appeal from the action of the zoning commission in making the classification or in refusing to change it. Nor is it an appeal from the refusal of the zoning board of appeals to grant a variance. It appears from the allegations of the amended complaint that the plaintiff was denied relief by the commission and by the board of appeals, but it took no appeal in either instance to the Court of Common Pleas. Had it done so, there could have been presented squarely the question whether the classification of the plaintiff's property amounted to confiscation and was, therefore, unconstitutional. *Dooley* v. *Town Plan & Zoning Commission*, 151 Conn. 304, 314, 197 A.2d 770. Instead, the plaintiff brought the present action for a declaratory judgment, seeking only an answer to the question whether it could lawfully operate a stone quarry under all the circumstances, including the zoning restrictions, shown to exist. The much broader question of the confiscatory nature of the classification is not fairly within the issues in this case. *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission*, 152 Conn. 262, 268, 205 A.2d 774.

There is no merit to the plaintiff's claim that, at

the time of the valid adoption of the ordinance, it had put its property to a use which could not be forbidden.

There is no error.

In this opinion the other judges concurred.