RUDOLPH PASSERO ET AL. *v.* ZONING COMMISSION OF THE TOWN OF NORWALK

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

512

Argued October 4—decided November 9, 1967

*Edward J. Zamm,* special counsel, with whom, on the brief, was *Thomas A. Flaherty,* corporation counsel, for the appellant (defendant).

*Jules Lang,* with whom, on the brief, was *Max R. Lepofsky,* for the appellees (plaintiffs).

COVELLO, J. The plaintiffs are the owners of certain tracts of land in Norwalk which lie partly in a light industrial zone and partly in a B residence zone. Prior to September 14, 1966, § 15 of the Norwalk zoning regulations contained, in paragraph 3, a provision of general application throughout Norwalk pertaining to the use of certain lots which are

divided by a zone boundary line.[1] On July 16, 1966, and again on July 25, 1966, the defendant, the zoning commission of Norwalk, hereinafter referred to as the commission, caused to be published in The Norwalk Hour a legal notice of a public hearing to be held on July 28, 1966, concerning certain proposed amendments to the Norwalk zoning regulations. After the public hearing, the commission voted, on September 14, 1966, to repeal paragraph 3 of § 15 of the zoning regulations. From this action, the plaintiffs appealed to the Court of Common Pleas, which found the plaintiffs to be aggrieved and sustained the appeal. The commission appealed to this court.

The sole issue in this appeal is whether the notice of the hearing of July 28, 1966, published in The Norwalk Hour, so far as it concerned the proposed deletion of paragraph 3 of § 15 from the zoning regulations, was adequate to meet the requirements of § 8-3 of the General Statutes concerning notice of the hearing. Section 8-3 provides: The "zoning commission shall provide for the manner in which regulations . . . shall be . . . established and amended or changed. No such regulation or boundary shall become effective or be established until after a public hearing in relation thereto . . . at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearings shall be published in the form of a legal advertisement appearing in a newspaper . . . before such hearing, and a copy of such pro-

---

[1] "[Norwalk Zoning Regs. § 15, ¶ 3 (1929, as amended).] A lot situated in the interior of a block and divided by the zone boundary line into two different zones may in so far as it is situated at least one hundred feet from any street bounding the block in which it is located, be used in accordance with the use regulations of the less restricted zone into which the lot is divided."

posed regulation or boundary shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality . . . for public inspection at least ten days before such hearing, and may be published in full in such paper. . . . The provisions of this section relative to public hearings and official notice shall apply to all changes or amendments. . . ." The purpose of the notice required by this statute is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing. *Edward Balf Co.* v. *East Granby,* 152 Conn. 319, 325, 207 A.2d 58; see also *Neuger* v. *Zoning Board,* 145 Conn. 625, 630, 145 A.2d 738. Thus, in *Edward Balf Co.* v. *East Granby,* supra, a notice which stated that a hearing was to be held to consider "the re-adoption of the zoning and sub-division regulations" which affected the legally protected interests of every property owner in the town of East Granby was held to be sufficient notice to comply with the requirements of the statute, in view of the fact that, before the readoption of the zoning regulations, a copy of those regulations was filed with the town clerk as required by statute. Id., 326.

In the present case, the commission caused to be published in a local newspaper a notice of a public hearing. The notice clearly stated that the hearing was called to consider whether the commission should adopt any or all of the amendments to and changes of the building zone regulations and zone boundaries set forth in the notice. The notice specified the changes which were proposed, among which was "Section 15, Paragraph 3, to be deleted in its entirety." The notice further provided that "[a] copy of this notice and copies of the hereinbefore

mentioned maps, petitions and changes, have been filed in the Office of the City Clerk and may be examined by anyone having an interest therein." No claim has been made that such copies were not in fact filed. See *Scovil* v. *Planning & Zoning Commission,* 155 Conn. 12, 14, 230 A.2d 31. The plaintiffs claim, in effect, that the notice should have identified the subject matter of the provisions of paragraph 3 of § 15 of the regulations. The statute (§ 8-3) permits, but does not require, the regulations themselves to be set forth in the notice. The statute does not require that the hearing notice contain a summary of the contents of the proposed amendment to the regulations. See cases collected in note, 96 A.L.R.2d 449, 502. It does, however, require that a copy of the proposed regulation or boundary be filed in the office of the town, city or borough clerk at least ten days before the hearing, so as to permit anyone affected by the proposal to obtain detailed information concerning the proposed amendments. We hold that the published notice was sufficient fairly to apprise the plaintiffs of the nature and character of the proposed action, which included the repeal of the third paragraph of § 15 of the regulations.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.