[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought pursuant to Connecticut General Statutes Section 8-8 from the decision of the Town of Groton Planning Commission (hereinafter referred to as "the Commission") granting the application of Noank Realty Limited and Noank Realty Limited II (hereinafter referred to as "Noank Realty") for a 26-lot subdivision off Fishtown Road in Groton, said subdivision to be known as Eccleston Brook Heights.
On February 16, 1989, Noank Realty applied to the Town of Groton Planning Commission for the subdivision. The Commission held public hearings on April 4 and April 18, 1989. On May 16, 1989, the Commission granted certain waivers and approved the application subject to certain modifications. Notice of the decision was published on May 30, 1989.
The appellants, John H. and Eunice E. Stutphen and an association known as Friends of Eccleston Brook (hereinafter referred to as "Friends"), filed this appeal on June 30, 1989. (Service was made June 13 and 14, 1989.) This appeal was commenced within fifteen days from the date that CT Page 1664 notice of the decision was published pursuant to Connecticut General Statutes Section 8-8 as amended by Connecticut Public Act No. 90-286.
At its May 16, 1989 meeting, the Commission approved waivers of section 4.3(1)j)iii)c) and section 4.3(2)e)iii) of the Town of Groton Subdivision Regulations (length of cul-de-sac and size of radius at right of way, respectively) on the grounds that:
 1. The granting of the waiver will not be detrimental to the public safety, health or welfare or have a significant adverse effect on other adjacent property.
 2. The property is unique because of its limited frontage on Fishtown Road and the existence of Eccleston Brook and associated wetlands in the site. It is anticipated that the proposed cul-de-sac will be extended in the near future.
 3. The waiver will not in any manner conflict with the provisions of the Zoning Regulations, or Plan of Development, or regulations of any other Town board or commission. Minutes of Planning Commission meeting, May 16, 1989, amended, Return of Record Item 12.
The Commission then approved the Eccleston Brook Heights subdivision with the following modifications:
 1. The Planning Commission has considered the alleged unreasonable pollution, impairment or destruction of the public trust in the air, water, or other natural resources of the State and no conduct has been authorized or approved which does, or is reasonably likely to, have such effect. The Commission finds that, considering all relevant surrounding circumstances and factors, there is no feasible and prudent alternative which is consistent with the reasonable requirements of the public health, safety and welfare.
 2. The isolated open space parcel shown on the plan of record be combined Lot 26 and protected by a conservation CT Page 1665 easement as recommended by the Inland Wetlands Agency.
 3. A bituminous sidewalk be constructed on the east side of Fishtown Road from Abberly Drive to the southerly driveway at Cutler Junior High School and a detail be placed on the plans and approved by the Director of Planning and Director of Public Works.
 4. A phase line be shown at Lots 10 and 20 as reflected by the approved waiver for length of cul-de-sac.
 5. A note be placed on the plan indicating that Phase II will not be constructed until Abberly Drive is connected through to Groton Long Point Road.
 6. Municipal water be provided for both phases of this subdivision through the Braebourne Subdivision.
 7. A sewer easement to the rear of Lots 16 through 26 be shown on the plans. The location of the sewer easement at the easterly end of Abberly Drive is to be approved by the Directors of Public Works and Planning with consideration given to wetlands and impact on Lot 26. Establishment of this easement in no way implies a recommendation by the Planning Commission to the Inland Wetlands Agency of approval of a future sewer line.
 8. A note be placed on the plan reserving a 50'-wide right of future access through the open space to other lands of Noank Realty Limited II adjacent to this site.
 9. Technical items raised by staff be addressed.
Id., Amended Return of Record, Item 12.
The appellant Friends claim that the Commission's decision was arbitrary, capricious, illegal and in abuse of CT Page 1666 its discretion because inadequate notice of the public hearing deprived the Commission of jurisdiction; the requirements for approval of waivers as set forth in the subdivision regulations were not met; and the Commission took into consideration information submitted to it after the close of the public hearing thereby depriving the public of its right to cross-examination and rebuttal. See Complaint, paragraph 4.
The Planning Commission of the Town of Groton derived its authority to make the challenged decisions from Connecticut General Statutes Section 8-25 et. seq and the Town of Groton Subdivision Regulations (Return of Record, Item 78).
The appellants file the instant appeal pursuant to Connecticut General statutes Section 8-8. The appellant association, known as Friends of Eccleston Brook, intervened on April 4, 1990, pursuant to Connecticut General Statutes Section 22a-19. Return of Record, Item 37. John H. Stutphen and Eunice E. Stutphen, also named as appellants, are the owners of land abutting the proposed subdivision property (Map and Warranty Deed, Return of Record, Item 22), and therefore, are statutorily aggrieved. See Connecticut Public Acts No. 89-356, Section 1(a)(1); Smith v. PZB, 203 Conn. 317, 321
(1987).
The provisions of Connecticut General Statutes Section 8-8 apply to the instant Planning Commission appeal. Connecticut General Statutes Section 8-30a. Under those provisions, the action of the Commission should be sustained if even one of its stated reasons is sufficient to support it. Goldfeld v. Planning Zoning Commission, 3 Conn. App. 172
(1985). Any review of the Commission's decision is limited to a determination, principally on the record before the Court, whether the Commission acted arbitrarily, illegally or in abuse of its discretion. Havurah v. Zoning Board of Appeals of Town of Norfolk, 177 Conn. 440 (1979). The burden of proof is initially on the appellants. Lupinacci v. Planning and Zoning Commission of Town of Darien, 153 Conn. 694 (1966).
The appellants claim that the Notice of Public Hearing, published in the local newspaper on March 24 and 31, 1989, pursuant to Connecticut General Statutes Section 8-26, was inadequate because the location and size of the property as described were inaccurate and misleading.
The public notice stated:
 TOWN OF GROTON Planning Commission Notice of Public Hearing CT Page 1667
 Notice is hereby given that a public hearing at which parties in interest and citizens will have an opportunity to be heard will be held on Tuesday, April 4, 1989 at 7:30 p. m. in the Lower Level Conference Room, Town Hall, 45 Fort Hill Road, in said town, to consider and act upon the following:
 Subdivision of land of Noank Realty Limited and Noank Realty Limited II located off Brook Street creating 26 lots on a 124.29 acre tract of land identified as Assessor's Map 109, Block 173, Lot 18, and a plan entitled "Eccleston Brook Heights Subdivision." Applicant is Noank Realty Limited and Noank Realty Limited II, c/o Mark Oefinger.
 Application and maps are on file and available for public inspection during normal business hours at the Planning Department, 45 Fort Hill Road. Dated this 24th day of March 1989, at Groton, Connecticut. Jena Wood Chairperson.
Return of Record Amendment, filed September 19, 1989 (emphasis added).
Numerous items in the record indicate that the proposed subdivision is actually of Fishtown Road, and that Brook Street does not intersect the property and is not mentioned in various site plan records. See, e.g., Return of Record Items 1, 2, 4, and especially, Plaintiffs' Exhibits 3 and 4 (Assessor's Maps 109 and 121, introduced into evidence at court hearing). Additionally, a third road, Groton Long Point Road, is located in the area between the subject property and Brook Street, Plaintiff's Exhibit 3. Neither Fishtown Road nor Groton Long Point Road are mentioned in the public notice. Return of Record Amendment, September 19, 1989.
The public notice also states that the proposed subdivision will consist of "26 lots on a 124.29 acre tract of land identified as Assessor's Map 109, Block 173, lot 18." That Assessor's Map 109 (Plaintiffs' Exhibit 3) does not show a parcel consisting of 124.29 acres, and that Block 173, lot 18, specifically pinpointed in the notice, is comprised of 60.24 acres. On the other hand, Noank Realty's presentation at the public hearing identified the property as having a total CT Page 1668 land area of 47.6 acres. Return of Record Item 41; see also Return of Record Item 9 (drainage review for 47.2 acres).
"The purpose of notice is `fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing.'" Planning Zoning Commission v. Gaal, 9 Conn. App. 538, 544
(1987), cert. denied, 203 Conn. 803 (1987); quoting Passero v. Zoning Commission, 155 Conn. 511, 514 (1967). "Although the notice may not be misleading, it need not be exact;.and a public filing of the plan is relevant to the determination of the adequacy of the notice." R. B. Kent Son, Inc. v. Planning Commission, 21 Conn. App. 370, 378 (1990). See also Passero, 155 Conn. at 514-15.
The public notice in the instant case was misleading, rather than inexact, in that there was no mention of the two closest roadways; it was described as "off" another non-intersecting road; the total acreage affected is far less than the amount noticed; and the reference to the Assessor's Map was erroneous. This public notice was inadequate to enable the appellants to intelligently prepare for the hearing and/or to apprise the general public of the location and size of the project.
"The fact that the plaintiffs appeared at the hearing, which is apparent from the record, even though they voiced no objection, does not cure the defect in the notice. Since adequate notice is jurisdictional and not merely procedural, persons who appear at the hearing and fail to object to the notice are not estopped from objecting later." Bosley v. Board of Zoning Appeals, 2 CSCR 651 (May 11, 1987, Licari, J.), citing Slagle v. Zoning Board of Appeals,144 Conn. 690 (1957); see also R. B. Kent, 21 Conn. App. at 378.
The lack of adequate notice deprived the Commission of jurisdiction over the subject subdivision. The appeal is sustained.
J. F. WALSH, J.