[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both of these appeals concern the denial of a motion for extension of time to use a special case which was approved for thirty-four private residence apartments-condominiums in 1981. The plaintiff in the first case, Park City Realty was allowed to intervene as a plaintiff in the second appeal. The defendant in that case, the Stratford Housing Authority, later withdrew from that appeal, and Park City Realty remains as the only party in interest in both appeals. Park City Realty, hereafter called the plaintiff, is the owner of the subject property on Cutspring Road the extension in Stratford. As the owner of the property for which of time was requested, plaintiff has established aggrievement and has standing to maintain this appeal. Winchester Woods Associatesv. Planning Zoning Commission, 219 Conn. 303, 308.
In 1981 the plaintiff's predecessor in title obtained approval of a special case to construct thirty four housing units on the subject property. After some litigation concluded, the final approval was granted for the project on April 11, 1988 on the condition that a building permit had to be obtained within eighteen months of the date of approval. A one year extension of the time period was granted by the defendant December 10, 1990, and another one year extension was granted on April 22, 1991. The property owner requested another extension on November 18, 1991 which the commission granted on February 10, 1992, but only for a period of three months. The property owner obtained some additional time by an appeal of the commission's decision by a neighbor. A temporary restraining order was issued in that appeal, (VanStone's CyprusConstruction Inc. v. Zoning Commission of Stratford, CV92-0292015) which tolled the running of the time limits imposed by the defendant, but it expired when the appeal was dismissed by Judge Levin on January 8, 1993. Before the appeal was dismissed, an attorney representing the Stratford Housing Authority filed a letter dated December 30, 1992 with the defendant Commission requesting another eighteen month extension in which to obtain building permits. After discussion of the request at a meeting on January 11, 1993, the zoning commission denied the request for an extension of time because the project dated back to 1981, indicating that unless construction started in the remaining time, a new application should be filed. The commission had obtained an CT Page 6172 opinion from its attorney that the property owner had forty days from the date of Judge Levin's decision of January 8, 1993 to obtain a building permit. This appeal basically amounts to a claim that the defendant commission improperly failed to grant the plaintiff and the Stratford Housing Authority another extension of time to commence construction of the project. There are related claims that the defendant should have treated the December 30, 1992 letter as an application for an affordable housing application and that the commission's regulations contain no standards for an extension.
At an earlier stage in this appeal Judge Mottolese determined that these cases were not affordable housing appeals under § 8-30g
of the General Statutes. There is nothing in the files in these appeals which indicates otherwise. The request for an extension of time was for a project which existed before the affordable housing statute was enacted. The letter to the commission requesting the extension was for that project, and the letter makes no mention of a claim of an affordable housing application. While West HartfordInterfaith Coalition, Inc. v. Town Council, 228 Conn. 498, 509
recognizes that the provisions of § 8-30g of the General Statutes apply to any application filed with a zoning commission in connection with an affordable housing proposal, the letter of December 30, 1992 is not an application, and did not include with it any other documents which would amount to a submission of an application pursuant to § 8-30g.
The time limit on special cases approved by the commission is governed by § 20.3 of the Stratford Zoning Regulations. The relevant part of the regulation states that "any petition approved as a special case and no building shall have been started within eighteen months of the final approval by the commission or no extension having been granted by the commission, the area shall revert back to its original status." The plaintiff challenges this regulation because it contains no standards for the commission to grant or deny an extension. Neither the appeal itself or the plaintiff's brief explains this claim in more than general terms.
This is apparently a challenge to the regulation on constitutional grounds. In that event the plaintiff as property owner-applicant usually can not challenge the validity of the commission's land use regulations in an administrative appeal, but must resort to a declaratory judgment. See Bierman v. Westport Planning ZoningCommission, 185 Conn. 135, 139, 140; St. John's Roman CatholicCorp. v. Town of Darien, 149 Conn. 712, 717, 718; Bombero v.CT Page 6173Planning a Zoning Commission, 218 Conn. 737, 742. In addition, a challenge of regulations for lack of standards is unsuccessful where it is unrealistic to require detailed standards and where one standard cannot be set to adequately cover all cases, or where it is impractical to apply detailed standards. Forest ConstructionCo. v. Planning Zoning Commission, 155 Conn. 669, 679. Whether an extension of time should be granted for use of a special case depends upon the circumstances, and an extension might be appropriate in a wide variety of situations which are not easily defined. An extension is also a special benefit conferred upon the applicant, and the regulation should not be invalidated merely because the agency fails to define in its regulations all the situations where an extension is warranted.
The obvious purpose of expiration of permits where no construction occurs is to protect surrounding property owners and the municipality, and to prevent development when changed conditions make use of the property for a previously approved use detrimental to the public interest. The general rule is that approved uses of land are not immune from subsequent changes in land use regulations except as provided by statute. See EdwardBalf Co. v. East Granby, 152 Conn. 319, 323, 324; GrahamCorporation v. Board of Zoning Appeals, 140 Conn. 1, 4, 5. A provision in local zoning regulations such as § 20.3 allows a zoning commission, within its discretion, to give a limited extension of time in which to use the zoning approval in a proper or compelling situation. The Commission is not required by the regulation to grant any request for an extension. The courts cannot substitute their discretion for the liberal discretion given to local zoning authorities because they do not have administrative powers and do not engage in de novo review, and because the local authorities are presumed to be more familiar with the circumstances of a given situation and what is appropriate development of their municipalities. Suffield Heights Corp. v. Town PlanningCommission, 144 Conn. 425, 427, 428. Decisions of local land use agencies are not disturbed on appeal where an honest judgment has been reasonably and fairly exercised and the decision is not arbitrary, illegal or an abuse of the agency's discretion.Spectrum of Connecticut, Inc. v. Planning Zoning Commission,13 Conn. App. 159, 163, 164. It was reasonable for the commission to conclude that the applicant should have to submit a new application, since the special case was originally approved in 1981 and several extensions had already been granted without completion of the project.
Both appeals are dismissed. CT Page 6174