[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 14, 1995, the West Haven Planning Zoning Commission (the "Commission") adopted a comprehensive set of land use regulations for the town of West Haven. The plaintiff in this zoning appeal, Elaine F. Verderame ("Verderame"), owns property located at 343 Washington Avenue in West Haven. Her appeal challenges the adoption of the regulations on a number of fronts. For the reasons stated below, however, her challenge, when carefully considered, cannot succeed.
Verderame filed a timely appeal of the Commission's decision to this court. At the hearing, she established that she owns property within one hundred feet of property affected by the new regulations. She is consequently, an aggrieved person within the meaning of Conn. Gen. Stat. § 8-8 (1). An important limitation to this conclusion should however, be noted at the outset. While the plaintiff is aggrieved, she attempts to raise certain procedural issues that have no direct bearing on her. The finding of aggrievement should not be interpreted as a blanket finding that she has standing to raise all of the issues which she attempts to raise. See Jimmies, Inc. v. West Haven Planning ZoningCommission, No. 331249 (New Haven J.D. March 29, 1994) (Booth, J.) at 3.
Some of the arguments stated in Verderame's brief were withdrawn by her counsel at the hearing. Only the arguments that have not been withdrawn will be considered here.
Verderame first argues that the Commission failed to read aloud the report of the Regional Planning Agency in violation of Conn. Gen. Stat. § 8-3b. Section 8-3b provides that, when a zoning commission proposes to change a zone within five hundred feet of another municipality located within the area of operation of a regional planning agency, "[t]he regional planning agency shall study such proposal and shall report its findings and recommendations thereon to the zoning commission at or before the hearing, and such report shall be read aloud at the hearing." The record reflects that the Regional Planning Commission duly reviewed the Commission's proposal in this case and, in a report dated March 10, 1995, "did not find any significant intermunicipal concerns." (Ex. J.) The record does not reflect that this report was read CT Page 3391 aloud at the Commission's hearing.
Verderame cites no authority for her assertion that this procedural oversight should invalidate the Commission's decision. If the report in question had been negative, her argument might have some minimal force. In this case, however, the Commission reported that it had no significant intermunicipal concerns. A failure to read this report aloud could not conceivably have had an impact detrimental to Verderame or any other person. At most, this was a technical error that should not invalidate the regulations in question.
Verderame next contends that the Commission amended the regulatory proposal before it in violation of Conn. Gen. Stat. § 8-3
(c). The record shows that three amendments were passed prior to final approval. These amendments are described in the Commission's minutes as follows:
 1. That the Industrial Plan District (IPD) include hotel and convention centers as of right,
 2. That the recommendation of the Office of Long Island Sound Programs that (high water line) be substituted with high tide line, and
 3. That by right non-conforming uses can increase their gross floor area by 25% as of the date these regulations are adopted, so West Haven can move into the Twenty-First (21st) century with no problems whatsoever.
(Ex. R at 2.)
Verderame hinges her argument on the wording of § 8-3 (c). That statute provides, in relevant part, that, "[a]ll petitions requesting a change in the regulations or the boundaries of zoning districts shall be submitted in writing and in a form prescribed by the commission and shall be considered at a public hearing. . . . The commission shall adopt or deny the changes requested in such petition." Verderame concludes from the "adopt or deny" language just quoted that the Commission has no authority to modify or amend the proposal before it. She cites no authority for this proposition other than the text itself. CT Page 3392
There are strong policy reasons for not giving § 8-3 (c) the restrictive meaning that Verderame claims. "A zoning commission, when amending zoning regulations or passing a zoning change, acts in a legislative capacity, which gives it very broad discretion." Robert A. Fuller, Land Use Law and Practice § 33.2 (1993). This is an "essentially legislative judgment." Protect Hamden/North Havenfrom Excessive Traffic Pollution, Inc. v. Planning ZoningCommission, 220 Conn. 527, 548, 600 A.2d 1010 (1991). Legislative bodies routinely amend proposals before them. This power is obviously in the public interest. If legislative bodies have no authority to amend they will be compelled to accept imperfect proposals in imperfect form rather than correct or improve them. The purpose of a public hearing must also be considered. As our Supreme Court has explained, "[t]he very purpose of the hearing [is] to afford an opportunity to interested parties to make known their views and to enable the board to be guided by them. It is implicit in such a procedure that changes in the original proposal may ensue as a result of the views expressed at the hearing."Neuger v. Zoning Board, 145 Conn. 625, 630, 145 A.2d 738 (1958). Any contrary rule would frustrate the purpose of the public hearing and make the legislative process both unfair and inefficient. For this reason, the Commission had inherent authority to amend the proposal before it.
It should be noted that it was stipulated that Verderame does not own property within one hundred feet of either an Industrial Plan District (IPD) or the Shoreline. Under these circumstances, she lacks standing to contest either of the first two amendments passed in any event. See Conn. Gen. Stat. § 8-8 (1); Annotation,Validity construction of statutory notice requirementsprerequisite to adoption or amendment of zoning ordinance orregulation, 96 A.L.R.2d 449, 475 (1964), and authorities cited therein.
Verderame makes a related argument with respect to West Haven Zoning Reg. § 72-2, which allows the Commission to "grant, deny, or table" a reasoning petition. Verderame contends, without citation of authority, that this regulation deprives the Commission of the power to amend proposals before it. For the policy reasons discussed above, however, this contention cannot succeed.
Verderame next argues that the Commission failed to file the approved regulations and zoning map changes with the town clerk prior to their effective date in violation of Conn. Gen. Stat. § 8-3
(d). Section 8-3 (d) provides in relevant part, that, "[z]oning CT Page 3393 regulations or boundaries or changes therein shall become effective at such time as is fixed by the zoning commission, provided a copy of such regulation, boundary or change shall be filed in the office of the town, city or borough clerk." The court finds, after hearing evidence involving this claim, that the zoning enforcement officer of West Haven filed a copy of the new regulations and map in the office of the town clerk within approximately one week of the Commission's decision. The effective date of the regulations was fifteen days after newspaper publication of the Commission's decision. (Ex. R at 2.) Under these circumstances, no violation of § 8-3 (d) is found.
Verderame next argues that the prehearing notice of the public hearing was inadequate. The notice of the hearing, which was a model of brevity, stated that the Commission would hold a public hearing on March 14, 1995 to consider the "Application of the City of West Haven to adopt the Zoning Regulations and Map. "
"[T]he burden of proving that the notice was defective rests on the persons asserting its insufficiency." Peters v.Environmental Protection Board, 25 Conn. App. 164, 170,593 A.2d 975 (1991). "The purpose of the statutory public prehearing notice is fairly and sufficiently to apprise the public of the proposed action, so as to enable intelligent preparation for participation in the hearing. . . . Although the public notice may not be misleading, it need not be exact . . . and a public filing of the plan is relevant to the determination of the adequacy of the notice." R.B. Kent Sons, Inc. v. Planning Commission,21 Conn. App. 370, 378, 573 A.2d 760 (1990). The plan in question in this case was publicly filed prior to the Commission's hearing. The notice itself, while assuredly succinct, was adequate by the standards of Supreme Court precedent. In Edward Balf Co. v. Townof East Granby, 152 Conn. 319, 207 A.2d 58 (1965), our Supreme Court considered a notice stating that a hearing was to consider "the re-adoption of the zoning and subdivision regulations." Id.
at 325. That brief notice was found sufficient, particularly in light of the fact that the regulations in question were publicly filed. Id. at 326. In light of Edward Balf Co., the notice at issue here must be deemed sufficiently informative to pass legal muster.
Verderame next claims that the Commission's post-hearing notice was inadequate. She specifically claims that the post-hearing notice should have referred to the three amendments passed at the March 14, 1995 hearing, but did not. The record shows that CT Page 3394 the post hearing notice, published on March 25, 1995, simply states: "Application of the City of West Haven to adopt the Zoning Regulations and Map . . . Approved."
Under the circumstances of this case, the amendments passed by the Commission did not affect the sufficiency of the notice. It is important to remember that this was a comprehensive zoning revision rather than one affecting a relatively small area. See Robert A. Fuller, supra, § 46.5 at 751. It is implicit in any zoning procedure that "changes in the original proposal may ensue as a result of the views expressed at the hearing." Neuger v. ZoningBoard, supra, 145 Conn. at 630. This is particularly the case when a comprehensive zoning revision is under consideration. Under these circumstances, "[t]he notice as given was adequate and substantially in accord with the final action of the commission."Dupont v. Planning Zoning Commission, 156 Conn. 213, 218,240 A.2d 899 (1968).
Verderame next contends that the Commission's action was made in the absence of a comprehensive plan. She argues, without citation of authority, that "to change all of the existing zoning regulations and the zoning classifications of a very substantial number of properties in the City of West Haven there must be a comprehensive plan adopted by the Commission." Plaintiff's Brief at 165-17. This argument finds no support in either case or statutory law.
"`A comprehensive plan has been defined as a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties.'Summ v. Zoning Commission [150 Conn. 79,] 87 [, 186 A.2d 160
(1962).] The requirement of a comprehensive plan is generally satisfied when the zoning authority acts with the intention of promoting the best interests of the entire community." FirstHartford Realty Corp. v. Plan Zoning Commission, 165 Conn. 533,541, 338 A.2d 490 (1973). Accord Protect Hamden, supra,220 Conn. at 551. This requirement has been adequately satisfied in this case.
Verderame next claims that the Commission failed to comply with the requirements of Conn. Gen. Stat. § 8-2 (b). Sec. 8-2 (b) provides that, "[i]n any municipality that is contiguous to Long Island Sound the regulations adopted under this section shall be made with reasonable consideration for regulation and protection of CT Page 3395 the ecosystem and habitat of Long Island Sound and shall be designed to reduce hypoxia, pathogens, toxic contaminants and floatable debris in Long Island Sound. Such regulations shall provide that the commission consider the environmental impact on Long Island Sound of any proposal for development." In view of the fact that it has been stipulated that Verderame owns no property within one hundred feet of the shoreline, and hence of Long Island Sound, she lacks standing to raise this issue. Conn. Gen. Stat. § 8-8 (1). The merits of this argument will, consequently not be discussed.
Verderame finally contends that the Commission failed to state the reason for its approval, in violation of Conn. Gen. Stat. § 8-3
(c). Sec. 8-3 (c) provides that whenever a "commission makes any change in a regulation or boundary it shall state upon its records the reason why such change is made." The only formal reason stated on the record here is the statement that the regulations in question will enable West Haven to "move into the twenty-first (21st) century with no problems whatsoever." This rationale is concededly general in nature, although one in apparent political vogue. It is well established, however, that even a total failure by a zoning agency to state the reasons for its decision is not fatal. Under these circumstances, the court is required to search the entire record to find a basis for the Commission's decision.Protect Hamden, supra, 220 Conn. at 544. The Commission's decision here was a legislative one with an adequate basis in the record. Verderame does not argue otherwise. Under these circumstances, her final contention cannot succeed.
For the reasons stated above, the appeal is dismissed.
Jon C. Blue Judge of the Superior Court