[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of defendant Zoning Commission of the City of Norwalk [Commission] denying an application for a special permit to construct a 42 townhouse unit Planned Residential Development [PRD]. Plaintiffs River Oaks Associates [River Oaks], Henry A. Francis, Dorothea M. Francis, Florence Davis, Arthur J. Goldblatt, Dominick Lato, Anna Lato and Elaine M. Landau appeal the Commission's decision pursuant to Conn. Gen. Stat. 8-8.
The subject property consists of six parcels on approximately 5.21 acres located on the east side of West Norwalk Road between 52 and 76 West Norwalk Road, Norwalk, Connecticut. (Return of Record [RR] #l Special Permit application of River Oaks Associates). The property lies within a B Residence Zone. (RR #1) A B Residence Zone allows for PRD by way of a special permit. (RR #23). Building Zone Regulations of the City of Norwalk, Article 30 118-340B(2)(o). Plaintiff River Oaks is a general partnership and the contract purchaser of the 6 parcels of land. The remaining plaintiffs separately own the parcels that collectively constitute the property. (RR #1). CT Page 2383
On February 17, 1989, River Oaks submitted a Special Permit Application #4-89SP to the Commission to allow construction of a 42 unit PRD, a use then permitted in a B Residence Zone subject to receipt of a special permit. On May 17, 1989, a public hearing was conducted by the Commission on River Oak's application for a special permit. At the hearing, representatives of the applicant testified in support of the application and as to the impact of the project on the environment, traffic, hydraulics of the adjacent river and as to the general engineering and general building specifications of the project. (RR #11 copy of Minutes of the May 17, 1989 Regular Meeting of the Norwalk Zoning Commission and RR #12 Copy of the Transcript of the May 17, 1989 Regular Meeting of the Norwalk Zoning Commission). In addition to the oral testimony at the public hearing, the applicant on February 17, 1989, filed written reports or plans in support of the application. (See RR #2 Copy of Environmental Impact Analysis; RR #3 Copy of Traffic Impact Study; RR #4 Copy of River Oaks Hydraulic Analysis and RR #5 Copy of Summary Engineering Report). Residents of Norwalk presented testimony in opposition to and in support of the application. (RR #11 and RR #12).
On June 21, 1989, the Commission unanimously denied the application. (RR #16 Copy of Minutes of the June 21, 1989 Regular Meeting of the Norwalk Zoning Commission and RR #17 Copy of Transcript of the June 21, 1989 Regular Meeting of the Norwalk Zoning Commission). Also on June 21, 1989, the Commission amended Article 40 Section 118-400 of the Norwalk Building Zone Regulations by adding paragraph "e" to subsection B(1) Regulations for planned residential development. The amendment placed a cap on the number of PRD's allowed in a B Residence Zone. (RR #20 Copy of Legal Notice stating action taken by the Norwalk Zoning Commission at its regular meeting on June 21, 1989, and RR #22 Copy of Publisher's Affidavit for actions taken at the June 21, 1989, regular meeting of the Norwalk Zoning Commission 3 published in The Hour). Notice of the Commission's decisions was published in The Hour on June 29, 1989. (RR #20 and RR #22). It is from the Commission's denial of special permit application #4-89SP that the instant appeal arises.
JURISDICTION
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377
(1988). These provisions are mandatory and jurisdictional failure to comply subjects the appeal to dismissal. Id. Appeals from the Zoning Commission are to be taken pursuant to 8-8. CT Page 2384 Conn. Gen. Stat. 8-9 (rev'd to 1989).
Aggrievement
Section 8-8 provides that "[a]ny person . . . aggrieved by any decision of said board. . .may. . .take an appeal to the superior court. . . ." Conn. Gen. Stat. 8-8 (a) (rev'd to 1989). Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987). The owner of the property that is the subject of the application to the commission is aggrieved and entitled to bring an appeal. Bassert [Bossert] Corp. v. Norwalk, 157 Conn. 279, 285 (1968).
At the hearing held in this appeal on November 14, 1990, plaintiffs presented testimony that plaintiffs Arthur J. Goldblatt, Henry A. Francis and Dominick Lato presently own and at the time or the application owned a portion of the land that is the subject of the application. Additionally, plaintiffs presented testimony that River Oaks purchased an option contract to include the subject property in a development project. No one from River Oaks testified as to aggrievement. Therefore, plaintiffs Arthur J. Goldblatt, Henry A. Francis and Dominick Lato as owners of part of the property that is the subject of the application are aggrieved and are authorized to bring this action.
Also, contract purchasers are "vested with equitable title to the [property]" and have "sufficient interest in the property to have standing to apply for a special exception. . . ." Shapero v. Zoning Board , 192 Conn. 367, 376 (1984) (citations omitted).
 To be [a classically] aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject manner of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights.
Smith, 203 Conn. at 321.
Although no one from River Oaks testified regarding aggrievement, there was testimony that River Oaks purchased an option contract to include the subject property in the development project. Based on this testimony and the evidence in the Return of Record that River Oaks applied for a special permit, and that it had an option contract, the court hereby finds that River Oaks had a specific personal and legal interest in the subject matter of the Commission's decision. Additionally, because Commission's denial of River Oaks' CT Page 2385 application specifically injured River Oaks as to the property rights it had by way of its option contract, River Oaks is classically aggrieved and is authorized to bring this action.
Because no testimony or evidence was presented to prove that plaintiffs Dorothea M. Francis, Florence Davis, Anna Lato and Elaine M. Landau were aggrieved by the condition: decision, these plaintiffs have failed to meet their burden of proving aggrievement and the appeal is dismissed as to them.
Timeliness
Any person who is aggrieved by a decision of the zoning commission "may, within fifteen days from the date when notice of such decision was published in a newspaper. . .take an appeal to the superior court. . . ." Conn. Gen. Stat. 8-8 (a) (rev'd to 1989). Notice of the Commission's decision was published on June 29, 1989. (RR #22). Ralph Depanfilis Chairman of the Zoning Commission of the City or Norwalk, Beryl Fernschild City Clerk of the City of Norwalk and Mary O'Keegan Town Clerk of the City of Norwalk were all served on July 13, 1989, within the fifteen day appeal period. Accordingly, it is clear that the plaintiffs' appeal is timely.
DISCUSSION
1. Whether the Record Supports the Zoning Commission's. Reasons for Denial of River Oaks' Special Permit Application.
"The terms "special permit" and "special exception" have the same legal import and can be used interchangeably. (Citation omitted). "A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations." A.P. W. Holding Corp. v. Planning 
Zoning Board, 167 Conn. 182, 185 (1974). "When considering an application for a special permit, the board acts in an administrative capacity. Id. at 184-85." "[T]he board's function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied." Housatonic Terminal Corp. v. Planning Zoning Board, 168 Conn. 304, 307 (1975). The zoning regulations, and not the board, determine what uses may be allowed as special exceptions. WATR, Inc. v. Zoning Board of appeals, 158 Conn. 196,200 (1959). When a zoning commission states the reasons for its action the court should confine its inquiry to two issues. "Whether the reasons given by the board were reasonably supported by the record; and whether those reasons were pertinent considerations which the board was required to apply under the applicable zoning regulations. Housatonic Terminal Corp., 168 CT Page 2386 Conn. at 305-06." "[T]he authority's action must be sustained if even one of the stated reasons is sufficient to support it." Oakwood Development Corp. v. Zoning Board of Appeals, 20 Conn. App. 458,461 (1990).
 [W]here a zoning commission had formally stated the reasons for its decision the court should not go behind what official collective statement of the commission. It should not attempt to search out and speculate upon the reasons which might have had influenced some or all of the members of the commission to reach the commission's final collective decision.
Demaria v. Planning Zoning Commission, 159 Conn. 534, 541
(1970). "The decision of a zoning authority will only be disturbed if it is shown that it was arbitrary, illegal or an abuse of discretion." Id. at 164.
Plaintiffs argue that the record does not support the Commission's reasons for denial of River Oaks' application. The Commission stated that River Oaks' special permit application was denied because it did not comply with the applicable sections of the Norwalk Zoning Regulations 118-400 and 118-1450 for the following reasons:
a. Adverse impacts on the nearby local roads and intersection are expected (#118-1450, C(l)(b)); and
b. The additional increase in noise, the location of artificial lighting and the fumes from the parking lots located in close proximity to the existing residential dwelling all contribute to an unacceptable adverse impact (118-1450, C(l)(e)); and
c. The proposed screening and buffering of the project is inadequate to provide the desired separation and open spaces and yard configuration is inadequate; (118-1450, C(1)(g)); and
d. The impact on the neighborhood properties from the multifamily units is unacceptable and much greater than the single family dwellings which would be allowed on this parcel as a matter of right (118-1450, C(1)(h)).
The Norwalk Zoning regulations 118-1450 C provides the standards for special permits:
 (1) A special Permit may be granted after determination by the Commission that the proposed use or structure CT Page 2387 is in harmony with the general purpose and intent of these regulations and after consideration of the following conditions where applicable: . . .
 (b) Traffic volume, flow and control with reference to pedestrian and vehicle safety and convenience, and access in case of catastrophic or emergency. . . .
 (e) Adverse impact from noise, odor, fumes, dust and artificial lighting. . . .
 (g) Adequacy of yards and open space, screening and buffering. . . .
 (h) Impact on neighborhood properties, as compared to uses and structures permitted as a matter of right. . . .
At the May 17, 1989 public hearing the Commission heard both favorable and unfavorable testimony to River Oaks' application for a special permit. Specifically, the testimony involved traffic, noise, lighting, screening, buffering and the impact of the project on the neighborhood properties. River Oaks presented testimony by its traffic consultant along with a traffic impact study regarding the impact that the proposed PRD would have on the nearby roads and intersection. River Oaks' traffic consultant concluded that the project would not adversely impact the area roadways. (RR #3 at 13). Commission members, Clark and Santo asked questions regarding the effect of the Community College traffic on the project and about the ability to make left turns out of the project's two driveways. (RR #12 at 8-10). The Commission also heard testimony from a neighborhood representative who opposed the project due to the increased traffic volume and the adverse impact that the proposed PRD would have on the single family neighborhood. (RR #12 at 14). The Commission also heard testimony from Mr. Carlson, a neighbor, opposing the project due to increased traffic, noise, lighting and inadequate screening and buffering. (RR #12 at 11-12). Mrs. Carlson concluded that the proposed PRD would have a negative impact on the neighborhood. (RR #12 at 12). River Oaks also presented testimony and reports from its environmental design firm supporting the project, claiming that it would have a positive impact in the neighborhood and that the proposed landscaping would act as a buffer and screen for noise and light.
Although there was conflicting testimony on whether the proposed PRD would have an adverse impact on traffic, noise, lighting and the neighborhood and the adequacy of screening and buffering, the record discloses evidence to support the Commission denial. "`Courts are not to substitute their judgment CT Page 2388 for that of the board. . . .' `[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency."' Spectrum of Connecticut, Inc. v. Planning Zoning Commission, 13 Conn. App. 159,163 (1988), cert. denied, 207 Conn. 804 (1988). "The Commission [is] entitled to take into account its own knowledge of the local conditions, and the burden [rests] on the plaintiff to show that the Commission acted improperly." Cameo Park Homes, Inc. v. Planning Zoning Commission, 150 Conn. 672, 579-80
(1963). The determination of the factual issues regarding traffic, noise, lighting, screening, buffering and whether the PRD would have an adverse impact on the neighborhood are matters within the province of the Commission. These matters do not contain technically complex issues that would require the Commission to rely on experts. Because these are matters within the commission's own knowledge, the Commission is not bound to adopt the opinions of River Oaks' experts. See Gulf Oil Corp. v. Board of Selectman, 144 Conn. 61, 65-66 (1976) (The denial of an application for a certificate of approval of a location for a gasoline station was reasonable and the board was not bound to adopt the opinion of the traffic engineer).
Based on the record, it is clear the Commission gave careful consideration to both sides of the traffic, noise, lighting, screening, buffering and impact on the neighborhood property issues when it rendered its decision. The record reasonably supports the Commission's reasons for denial of River Oaks' special permit application in that the proposed PRD could have an adverse impact on traffic, noise, lighting, and the neighborhood and that the proposed screening and buffering was inadequate. Those were proper considerations for the Commission pursuant to sections 118-1460 C(l)(b), (e), (g), and (h) which set forth the standards that must be satisfied by an applicant for a special permit for a proposed structure. Therefore, the reasons for denying the application were proper considerations directly related to River Oaks' failure to satisfy the standards set forth in the zoning regulations. Accordingly, the plaintiffs have failed to establish that the Commission acted illegally, arbitrarily or abused its discretion in finding that the, special permit application did not comply with the standards set forth in the Norwalk Zoning Regulations.,
2. Whether the Commission was Predisposed Against the Plaintiffs.
Plaintiffs argue that they were not accorded a fair hearing because the Commission was predisposed to eliminating PRD's in B Residence Zones. Plaintiffs argue that after their application was filed with the Commissioner, a neighborhood association requested the Commission to amend the Norwalk CT Page 2389 Building Regulations to eliminate additional PRD's in Residence Zones. Plaintiffs argue that such a request is proper but that the commission itself only went through the procedural due process steps and in the process trampled plaintiffs' substantive due process rights. Plaintiffs conclude that the Commission was predisposed to deny plaintiffs' application because the Commission's decision was not supported by the record.
To support a claim that the Commission was predisposed the trial court must find "that the Commissioners had made up their minds that they were going to disapprove the plaintiffs' plan regardless of any evidence or argument presented at the public hearing." Davia v. Planning Commission, 174 Conn. 354, 358 (1978). "This issue involves a question of fact and the burden of proving the illegality [is] on the plaintiffs. Cioffolletti v. Planning and Zoning Commission, 209 Conn. 544, 555 (1989). The Connecticut Supreme Court has held that" "`[t]he law does not require that members of zoning commissions must have no opinions concerning the proper development of their communities would be strange, indeed, if this were true."' Id. "Where . . .the findings of fact support the conclusion that the commission acted with predisposition and predetermination, the commission's actions are capricious, unreasonable and illegal, and cannot be allowed to stand." Marmah. Inc. v. Greenwich, 176 Conn. 116, 123-24 (1978). Predetermination has been established when none of the reasons provided for denying the application were valid, the applicant did not receive a fair hearing by the Commission and the change in the regulations was enacted primarily for the purpose of preventing the property owner from proceeding with its contemplated building project. Id. at 123.
As already discussed, the record reveals that the Commission collected and received much data, advice and testimony on the standards for approval of special permits. The Commission denied the special permit application because it did not comply with the applicable sections of the Norwalk Zoning Regulations. (RR #16 and #17). It already has been determined that the record reasonably supports the Commission's reasons for denial of plaintiffs' special permit application in that the proposed PRD could have an adverse impact on traffic, noise, lighting and the neighborhood and the proposed screening/buffering were inadequate. The court finds that plaintiffs have failed to establish that the public hearing was a sham which was held merely to comply with the statutory requirements. Massimo v. Planning Commission,41 Conn. Sup. 196, 201 (1989). Because the record does not support a finding of predetermination, plaintiffs have failed to meet their burden of proving that the Commission acted illegally. CT Page 2390
3. Whether the Norwalk Building Zone Regulations That Existed at the Time of the Commission's Decision Should Apply.
Plaintiffs argue that the court should reverse the decision of the Commission and apply the Norwalk Building Zone Regulations that existed at the time of the Commission's decision and not the newly amended regulations. Because the court does not reverse the decision of the Commission, no discussion need be provided regarding the applicable regulations.
4. Whether the Special Permit Regulations Were Applied in an Unconstitutional Manner.
Plaintiffs argue in their brief that they challenge the constitutionality of section 113-1450C(b), (e), (g), and (h) of the Norwalk Building Zone Regulations as it was applied to River Oaks' application for a special permit. Plaintiffs reiterate their previous arguments that the record does not support the Commissions' denial and that the Commission was predisposed. Additionally, plaintiffs argue that as the subsections of 118-1450C were applied to River Oaks' application, "was impossible for the applicants to know what they could have done differently to secure approval. . . . Applicants must be able to reasonably ascertain from the regulations themselves how their property may be used in compliance therewith." Plaintiffs conclude that "[b]ecause of the vague and unsubstantial manner in which the regulations were purported to be applied to the subject application, the plaintiffs were denied constitutional protection." Plaintiffs also argue that "[l]andowners are entitled to be treated equally, fairly and reasonably."
"When a question of constitutionality is raised, the court presumes validity and sustains the legislation unless it clearly violates constitutional principles. (citations omitted). The plaintiffs have the burden of overcoming this presumption." Teuscher v. Zoning Board of Appeals, 154 Conn. 650,659 (1967). "The rule extant under our zoning cases is that a party who has sought to avail himself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality." Bierman v. Planning and Zoning Commission, 185 Conn. 135, 139 (1981). However, an attack on the constitutionality of the regulations because of their effect on the plaintiffs particular property is allowed. DeForest and Hotchkiss Co. v. Planning and Zoning Commission,152 Conn. 262, 268-72 (1964). CT Page 2391
Although plaintiffs purport to attack the constitutionality of section 118-1450C as applied to them, in actuality, their arguments: (1) that it was impossible for River Oaks to know what they could do to secure approval, and (2) that the applicants must be able to ascertain from the regulations how their property is to be used, attack the regulation on its face. It is therefore concluded that plaintiffs are precluded from attacking the constitutionality of the Norwalk Building Zone Regulations in this administrative appeal.
Additionally, even if plaintiffs attack on the constitutionality of the regulations could be seen as one of application they have not satisfied their burden.
As previously discussed, the Commission's action was reasonably supported by the record and was not applied in an illegal arbitrary or capricious manner. Plaintiffs' reiteration of their arguments that the record does not support the Commission's denial and that the Commission was predisposed, fail to sustain plaintiffs' burden of proving that the regulations were unconstitutionally vague as applied.
As to plaintiffs' denial of equal treatment claim, the Connecticut Supreme Court has noted that:
 `failure to comply with zoning ordinances cannot be justified by the existence of other violations unless it is shown that a pattern of discrimination has been consciously practiced by the municipality. (citations omitted). A belated invocation of constitutional principles of equal protection is no substitute for the timely building of an evidentiary record showing a pattern of discrimination that has been consciously practiced.
Chaplin v. Balkus, 189 Conn. 445, 448 (1983). There is no evidence in the record to support plaintiffs' contention of unequal treatment. Although plaintiffs stated in their brief that they are prepared to offer testimony that at least one commissioner was predisposed, no such testimony was given at the hearing. As previously discussed the record supports the Commission's denial of River Oaks' application and plaintiffs have not provided any evidence of discrimination. Accordingly, they have not sustained their burden on their constitutionality challenge.
In conclusion, the record supports the Zoning Commission's reason for denying river Oaks' special permit application. The plaintiffs have failed to prove predetermination or that the special permit regulations were applied in an unconstitutional CT Page 2392 manner. Accordingly, plaintiffs' appeal is dismissed.
KATZ, J.