[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER
The plaintiffs in this administrative appeal have moved to take the deposition of the Chairman of the Planning and Zoning Commission, Francis Bension, in connection with this appeal from its decision approving an application for a special permit to construct a skeet shooting range in the Town of Stafford.
Count 7e of the complaint alleges that at least one of the Commission members who voted in favor of the application (the vote was three in favor and two against) had improperly prejudged and predetermined the matter. In their Objection to Motion for Protective Order the plaintiffs identify the member in issue as Francis Benison. In support of their objection, plaintiffs have a series of newspaper articles dated prior to the time of the public hearing of this application, in which Mr. Benison purportedly or arguably indicated a predetermination of the matter. The plaintiffs had asked Mr. Benison to disqualify himself from hearing this CT Page 8793 application on the grounds that he had prejudged and predetermined the matter, but he declined to do so.
If the facts support a finding that the Commission acted with predisposition and predetermination, its decision would be unlawful. Marmah, Inc. v. Greenwich. 176 Conn. 116,123-24 (1978). Under these allegations it is reasonably probable that evidence outside the record will be necessary to make the required factual findings and equitably resolve the appeal. Clearly, the record will not be sufficient to determine this issue.
While Conn. Practice Book, Sec. 243 specifically provides for the taking of depositions under circumstances in an administrative appeal, it remains within the court's discretion whether or not the deposition should be allowed. Most courts are understandably cautious when depositions of volunteer members of local boards are requested. Fishing expeditions should not be encouraged, nor should procedures which are unduly burdensome to the people involved.
But each fact situation is unique and the Court in this case finds the request to depose Mr. Benison's made in good faith and is not merely "fishing."
Accordingly, the Objection to Motion for Protective Order is sustained as to the deposition of Francis Bension.
The plaintiffs are granted an extension of time to file their briefs until January 31, 1992.
HON. LAWRENCE KLACZAK SUPERIOR COURT JUDGE