[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
ISSUES
1. Whether the plaintiff may introduce evidence outside the administrative record to show that the Middletown Inland Wetlands Watercourses Agency committed procedural irregularities not shown on the administrative record during the Agency's consideration of the plaintiff's application for development.
2. Whether the plaintiff may introduce evidence outside the CT Page 3692 administrative record to show that the denial of the plaintiff's application by the Middletown Inland Wetlands Watercourses Agency constitutes an unconstitutional taking.
3. Whether the court should delete certain documents from the Middletown Inland Wetlands Watercourses Agency's return of record because they were not entered as evidence at the Agency's public hearing on the plaintiff's application.
The following facts are alleged in the complaint. The plaintiff, Mattabassett Group, Inc., is the owner of approximately seventy-five acres of land in Middletown, Connecticut. In August of 1990, the plaintiff filed an application for development of this land with the defendant, the Middletown Inland Wetlands Watercourses Agency (the "Agency"). The Agency held a public hearing on this application on October 17, 1990 and on November 7, 1990. At its meeting on November 7, 1990, the Agency closed the public hearing and denied the application.
On December 3, 1990, the plaintiff commenced this appeal of the Agency's denial by service of process on Sandra Hutton, an Assistant Town Clerk of the City of Middletown, who is duly authorized to accept service on behalf of the Agency and on Jane S. Scholl, an Assistant Attorney General, who is duly authorized to accept service on behalf of the co-defendant Commissioner of Environmental Protection. The appeal was filed in the Superior Court on December 6, 1990. The plaintiff alleges, inter alia, that the Agency improperly considered evidence not entered at the public hearing, that the Agency held a secret meeting and took a secret vote in violation of its own regulations, that two of the Agency's commissioners were prejudiced to the plaintiff's application and that the Agency's denial constitutes an unconstitutional taking. Pursuant to this appeal, the plaintiff now moves to introduce evidence outside the administrative record to show that the Agency committed procedural irregularities and to show that the Agency's denial of the plaintiff's application constitutes an unconstitutional taking. As a part of this motion, the plaintiff also seeks, pursuant to Practice Book 218, permission to conduct discovery, including discovery by deposition, of material relevant to the present case. The plaintiff also objects to the Agency's Return of Record and asks the court to strike from the record certain documents which were not entered into evidence at the public hearing.
I. Motion to Introduce Evidence to Show the Existence of Procedural Irregularities
The plaintiff alleges in its complaint that the Agency committed four procedural irregularities in the course of its CT Page 3693 consideration of the plaintiff's application. First, the plaintiff alleges that the Agency conducted a secret, off-the-record meeting and vote regarding the plaintiff's application in violation of the Agency's regulations. Second, the plaintiff alleges that the Agency violated the rules of fundamental fairness by hearing what the plaintiff alleges to be the expert testimony of Commissioner Patton, a member of the Agency, after the public hearing had been closed. Third, the plaintiff alleges that Commissioner Patton and Commissioner Brooks were prejudiced against the plaintiff's application. Fourth, the plaintiff alleges that the Agency was prejudiced by considering a letter from Joyce Schever of the Soil Conservation Service dated November 2, 1990 (the "SCS letter") which was not entered into evidence at the public hearing.
It is within the court's discretion to grant or deny a motion to supplement an administrative record. Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307,326, 596 A.2d 426 (1991).
 An administrative appeal "shall be confined to the record." General Statutes 4-183 (i); see Levinson v. Board of Chiropractic Examiners, 211 Conn. 508, 529-30, 560 A.2d 403 (1989). The only exception is that when "alleged irregularities in procedure before the agency are not shown in the record. . . proof limited thereto may be taken in the court." General Statutes 4-183 (i).
Blaker v. Planning Zoning Commission, 219 Conn. 139, 146,592 A.2d 155 (1991) (Blaker II); see also Adriani v. Commission on Human Rights Opportunities, supra, 325. It is an abuse of the court's discretion, however, to deny a motion to supplement an administrative record where alleged procedural irregularities have a potentially crucial impact on the administrative agency's decision. Adriani v. Commission on Human Rights Opportunities, supra, 328.
Hearings before administrative agencies must comport with fundamental fairness:
 Although hearings before administrative agencies are not governed by the strict rules of evidence, they "`must be conducted so as not to violate the fundamental rules of natural justice.'" Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 536, 525 A.2d 940 (1987), quoting Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247, 249, 470 A.2d 1214 (1984). CT Page 3694
Jutkowitz v. Department of Health Services, 220 Conn. 86, 98,596 A.2d 374 (1991). "`"This means a fair opportunity to cross-examine witnesses, to inspect documents presented and to offer evidence in explanation or rebuttal. . . ."' (Citation omitted.) [Pizzola v. Planning Zoning Commission, 167 Conn. 202], 207-208 [, 355 A.2d 21 (1974.)]." Blaker v. Planning 
Zoning Commission, 212 Conn. 471, 478, 562 A.2d 1093 (1989) (Blaker I).
"`"[N]ot all procedural irregularities require a reviewing court to set aside an administrative decision; material prejudice to the complaining party must be shown."' Murach v. Planning 
Zoning Commission, [196 Conn. 192], 205 [, 491 A.2d 1058 (1985)]." Jutkowitz v. Department of Health Services, supra, 97 (other citation omitted). General Statutes (Rev. to 1989) 4-183 (j) provides that [t]he court shall affirm the decision of the agency unless the court finds that the substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
. . . (4) made upon unlawful procedure. . . ."
Furthermore, "Conn. Practice Book Sec. 218 provides for discovery `[i]n any civil action . . . or in any administrative appeal where the court finds it reasonably probable that evidence outside the record will be required.'" Pollio v. Conservation Commission, 3 Conn. L. Rptr 142, 143 (January 9, 1991, Scheinblum, J.); see also Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569, 584-85, 546 A.2d 870, cert. denied, 209 Conn. 813, 550 A.2d 1082 (1988). "It is within the sound discretion of the court to grant or deny discovery." Sachs v. Sachs, 22 Conn. App. 410, 417,578 A.2d 649 (1990), citing Standard Tallow Corporation v. Jowdy,190 Conn. 48, 57, 459 A.2d 503 (1983) (citations omitted).
 "That discretion, however, is limited, and it is an abuse of discretion to deny the disclosure of information which would be of assistance in the prosecution or defense of the actions. Practice Book 218; Standard Tallow Corporation v. Jowdy, supra 58-59." Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201, 210, 486 A.2d 649 (1985).
DeMatteo v. DeMatteo, 21 Conn. App. 582, 588, 575 A.2d 243
(1990).
A. The Secret Meeting and Vote
The plaintiff has alleged that the Agency held a secret, CT Page 3695 off-the-record meeting and vote and that this secret vote was reenacted at the public hearing. Because the secret pre-determination of its later vote could, if proven, constitute a procedural irregularity which would vitiate the propriety of the Agency's decision; Marmah, Inc. v. Greenwich, 176 Conn. 116,123-24, 405 A.2d 63 (1978); Johnson v. Planning Zoning Commission, 5 Conn. L. Rptr. 232 (October 23, 1991, Klaczak, J.); the court, in its discretion, grants the plaintiff's motion to introduce evidence outside of the record regarding the secret meeting and vote.
B. The Statements of Commissioner Patton
The plaintiff also alleges that the Agency committed a procedural irregularity when the Agency heard what the plaintiff alleges was the expert testimony of Commissioner Patton after the public hearing had been closed. However, this court finds that the so-called expert testimony of Commissioner Patton should properly be categorized as an instance of an inland wetlands agency relying on its own expertise and special knowledge and as such does not constitute a procedural irregularity.
An inland wetlands agency may "rely on its own knowledge and experience" but not in such a way as to "place its data base beyond the [plaintiff's] scrutiny." Huck v. Inland Wetlands Watercourses Agency, supra, 542. In order to comport with fundamental fairness, an agency must comply with the requirements established by Feinson v. Conservation Commission, 180 Conn. 421,429 A.2d 910 (1980):
 If an administrative agency chooses to rely on its own judgment, it has a responsibility to reveal publicly its special knowledge and experience, to give notice of material facts that are critical to its decision, so that a person adversely affected thereby has an opportunity for rebuttal at an appropriate stage in the administrative proceedings.
Feinson v. Conservation Commission, supra, 429-30.
The record indicates that the Agency met both of these requirements. See, e.g., Transcript, Public Meeting, October 17, 1990, p. 34 (Attorney Dowley, the plaintiff's attorney, agreed to consult with Commissioner Patton as Commissioner Patton was, according to Commissioner Von Mahland, "not without some good degree of knowledge on these matters"). Indeed, the record indicates that on two occasions Commissioner Patton and an expert hired by the plaintiff engaged in substantial dialogues which revealed Commissioner Patton's special knowledge and CT Page 3696 concerned the specific material facts of which Commissioner Patton later spoke after the close of the public hearing. Transcript, Public Meeting, October 17, 1990, pp. 24-26 (dialogue with Bruce Laskey); Transcript, Public Meeting, November 7, 1990, pp. 24-27 (dialogue with Henry T. Moeller). This dialogue also reveals that the plaintiff attempted to rebut these concerns. Id. Furthermore, the plaintiff's own brief indicates that it was aware of Commissioner Patton's concerns. (Plaintiff's Brief, pp. 2-3, 15.) The plaintiff has failed to show that this alleged procedural irregularity would not become apparent from a review of the record. Accordingly, it would not be an abuse of the court's discretion to deny the plaintiff's motion regarding the statements of Commissioner Patton, and the plaintiff's motion regarding Commissioner Patton is denied.
C. The prejudice of Commissioners Patton and Brooks
The plaintiff alleges that Commissioner Patton and Commissioner Brooks were prejudiced to the plaintiff's application.
"There is no question that the plaintiff was . . . entitled to have [its] application heard and determined by an impartial and unbiased agency." Huck v. Inland Wetlands Watercourses Agency, supra, 536. However, this court does not find sufficient evidence of prejudice or impartiality and denies plaintiff's motion as to Commissioners Patton and Brooks.
D. Consideration of the SCS letter
The plaintiff argues that consideration of the SCS letter was improper both because the letter constitutes an ex parte communication and because consideration of correspondence received by the Agency fewer than eight days before the hearing violates the Agency's regulations
1. Ex parte communication
 "Nothing can be treated as evidence which is not introduced as such." [Morgan v. United States, 298 U.S. 468, 480, 56 S.Ct. 906, 80 L.Ed. 1288 (1936)]. Ex parte communications with persons outside the agency are plainly improper under this standard for administrative adjudication. Even in the absence of [General Statutes 4-181, see now General Statutes (Rev. to 1989) 4-181 (a)], therefore, an ex parte communication by an adjudicator concerning a case before him would indicate that the decision had been "made upon unlawful procedure," a ground for reversal specifically mentioned in [General Statutes] 4-183 (g)(3) [see now, General Statutes (Rev. to CT Page 3697 1989) 4-183 (j)(3)].
Henderson v. Department of Motor Vehicles, 202 Conn. 453, 458,521 A.2d 1040 (1987). The use by an administrative agency of an ex parte communication as evidence violates the fundamental rules of natural justice because the plaintiff is not given an opportunity to rebut it or cross-examine its proponent. Connecticut Natural Gas Corporation v. PUCA, 183 Conn. 128,140 n. 10, 439 A.2d 282 (1981); see also Huck v. Inland Wetlands Watercourses Agency, supra, 536.
The record indicates that one of the commissioners relied on the letter in rendering his vote on the plaintiff's application. Transcript, Public Meeting, November 7, 1990, p. 36 (statement of Commissioner Stoane).
The agency argues that because the letter was received before the hearing of November 7, 1990, it was available for the plaintiff's inspection at that time and cannot be considered an ex parte communication.
However, that the fact that an agency receives a communication before a public hearing is not dispositive as to whether it constitutes an ex parte communication. In Blaker I, a letter which was received after the close of the public hearing was held to be an ex parte communication. Blaker I, supra, 474. However, the Blaker I court looked at factors other than when the agency received the letter. The court noted that neither the adverse party nor their attorney had been sent a copy of the letter. Id., 475. The court also noted that the agency did not schedule an additional public hearing in order to allow the adverse party an opportunity to refute the claims contained in the letter. Id.
Because it cannot be determined on the face of the record whether the SCS letter constitutes an ex parte communication and because reliance on an ex parte communication is procedural irregularity which could, if proven by evidence outside the record, vitiate the propriety of the Agency's decision, the court will, in its discretion, allow both parties to present additional evidence regarding the issue of whether the SCS letter constitutes an ex parte communication.
2. Violation of the Agency's regulations
The plaintiff also argues that because the SCS letter is dated November 2, 1990 and the public meeting was held on November 7, 1990, the Agency's consideration of the letter violated Agency Regulation 12.1, which states, according to the Plaintiff's Brief, that "Correspondence from the public will CT Page 3698 be considered by the . . . Agency provided it is submitted eight (8) working days before the regularly scheduled meeting."
The discretion of the court to allow parties to introduce evidence outside the record is triggered only by an allegation that a procedural irregularity is not shown on the record or other extraordinary reason. Adriani v. Commission on Human Rights and Opportunities, supra, 325-26. Here, any evidence regarding this alleged procedural irregularity would be apparent on the face of the record. Therefore, it would not be an abuse of the court's discretion to deny the plaintiff's motion to introduce evidence outside the record regarding this alleged procedural impropriety. Furthermore, the plaintiff's complaint is devoid of any allegation that the Agency acted illegally, arbitrarily or in abuse of its discretion in receiving the SCS letter fewer than eight days before the Agency hearing.
IV. Motion to Introduce Evidence to Show the Existence of an Unconstitutional Taking
The plaintiff has alleged that the denial of its application constitutes an unconstitutional taking by the Agency. The issue of whether a denial of an application by a local inland wetlands agency constitutes an unconstitutional taking is tried de novo. Gil v. Inland-Wetlands Watercourses Agency,219 Conn. 404, 409, 593 A.2d 1368 (1991), citing Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 551,552 A.2d 796 (1989) and General Statutes 22a-43a. Therefore, the court is not "confined to the record." This issue should not be considered until the additional evidence allowed by this court is available.
V. Objection to the Return of Record
The plaintiff objects to the Agency's return of record because it contains certain items of correspondence, including the SCS letter, which were not introduced as evidence at the public hearing. The plaintiff argues that when the court determines whether there is substantial evidence in the record to support the Agency's decision, it should not consider material which was not introduced as evidence at the hearing before the Agency. General Statutes (Rev. to 1989) 4-183 (g) authorizes the court to correct the administrative record.
"In determining whether substantial evidence supports the [agency's decision] the trial court must exclude any nonrecord evidence contained in [an ex parte communication] because the plaintiff had no opportunity to rebut it or to cross-examine its proponent." Connecticut Natural Gas Corporation v. PUCA, supra, 140 n. 10. CT Page 3699
This court should consider only the SCS letter in ruling on this motion. The plaintiff has not listed the specific items of correspondence to which it objects. The plaintiff has not claimed that any items of correspondence, with the exception of the SCS letter, were unavailable for inspection, were improperly relied upon by the Agency, constitute ex parte communications or caused it substantial prejudice. Although Cioffoletti, supra, permits a trial court to take evidence outside of the record regarding alleged procedural irregularities not shown-in the record, the plaintiff has not claimed that it lacked, with the exception of the SCS letter, "a fair opportunity . . . to inspect documents presented and to offer evidence in explanation or rebuttal." Blaker I, supra, 478. The plaintiff's objection is overruled as to all items of correspondence other than the SCS letter.
O'CONNELL, JUDGE